# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ADONIS SAMAEL UMANZOR FUENTES, | § § § | |
| Plaintiff, | § | |
| v. | § | Civil No. 3:26-CV-2216-K |
| | § | |
| U.S DEPARTMENT OF HOMELAND SECURITY, et al., | § § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

This Order governs requests to file materials in this case under seal.  The Fifth Circuit has recently addressed in great depth an increasing trend of courts "sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps."  *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir.  2021); *see also June Med. Servs., L.L.C. v. Phillips*, 22  F.4th  512 (5th Cir. 2022).  The Fifth Circuit reaffirmed that "[t]he public's right of access to judicial proceedings is fundamental." *Le*, 990 F.3d at 418; *see id.* at 421 ("Legal arguments, and the documents underlying them, belong in the public domain. American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense.").  Thus, courts must be "ungenerous with their discretion to seal judicial records" and remain mindful that "the working presumption is that judicial records should not be sealed." *Id.* at 418–19.  It is an abuse of discretion where the court makes "'no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support

1

sealing.'" *Id.* at 419 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

During the discovery stage, the parties may agree to designate documents as confidential. Rule 26(c) of the Federal Rules of Civil Procedure permits a court to issue a protective order "for good cause" which may be used by the parties to govern the exchange of information at the discovery stage. Fed. R. Civ. P. 26(c). However, the fact that a protective order governs the designation of documents as "confidential" during discovery does not automatically permit the parties to then file those documents under seal with the Court. "At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Le*, 990 F.3d at 420.

The standard under Rule 26(c) "for keeping unfiled discovery confidential" should not be conflated with the standard for sealing materials filed with the court. *Id.* at 420; *see also id.* 419 n.31 (citing *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). The court "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" and conduct an analysis which demonstrates a "grappling with public and private interests" and provides an

2

"assurance that the extent of sealing was congruent to the need." *Id.* at 419-20.  To be sure, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421.  Sealing judicial records without the required showing and explanation "harms the public interest, however interested the public is likely to be." *Id.*

If a party wishes to file a specific document with the Court under seal, the party must first move for leave to do so, sufficiently "showing that secrecy is warranted or why the public's presumptive right of access is subordinated." *See id.*  Although "line-by-line" balancing is a duty ultimately reserved for the Court, the Court will not engage in this analysis absent robust briefing from the party seeking the sealing order.  The Court also acknowledges that parties sometimes seek leave to file the confidential materials of other parties under seal without any particular interest in having the materials sealed, and that the parties with an interest in sealing are best positioned to explain why sealing is appropriate.

Accordingly, the following requirements govern motions to seal in this matter:

- If a party seeks leave to file documents under seal, the party shall file a motion for leave to file the documents under seal accompanied by **either** (1) supporting briefing and exhibits as described below, **or** (2) a certification that another party will file the supporting briefing and exhibits within fourteen days of the filing of the motion.  The briefing and exhibits or the

3

certification, as applicable, must be filed **separately** from the motion.  **A movant that fails to file briefing and exhibits complying with this order concurrently with its motion consents to the unsealing of all documents covered by the motion.  A nonmovant that fails to file briefing and exhibits complying with this order within fourteen days of the filing of the motion likewise consents to the unsealing of all documents covered by the motion.**

A party filing briefs and supporting exhibits urging the Court to file documents under seal shall file (1) a **public, unsealed brief**, (2) a **public, unsealed attachment** to the public brief, (3) a **sealed brief**, and (4) **sealed attachments** to the sealed brief.

- In the **public brief**, the party shall describe generally, for **each sentence, paragraph, page, figure, chart, etc.** of the document(s) sought to be sealed, why the risks of disclosure outweigh the public's common law right of access without disclosing the substance of the material sought to be sealed.

- In the **public attachment** to the public brief, the party shall provide a chart listing in one column the citation for each portion of each document the party seeks to seal and listing in an adjacent column a generalized description of the material to which each citation refers.

- In the **sealed brief**, the party shall, for **each sentence, paragraph, page, figure, chart, etc.** of the document(s) sought to be sealed, provide a detailed argument with supporting legal authority as to why the risk of disclosing the

4

material outweighs the public's common law right of access to the material. This sealed brief must be as specific and detailed as possible.

- In the **sealed attachments** to the sealed brief, the party shall file unredacted versions of the document(s) sought to be sealed which highlight the proposed redactions for the Court's review. The party may rely upon other evidence that is relevant to whether the document(s) should be sealed, but the party must file such evidence unsealed unless it is among the material sought to be sealed.

*See* N.D. Tex. L. Civ. R. 79.3.

Within twenty-one days of the filing of the briefing described above, any party opposing sealing shall file (1) a **public, unsealed brief**, (2) a **public, unsealed attachment to the unsealed brief**, and (3) a **sealed brief**.

- In the **public brief**, the party shall, for **each sentence, paragraph, page, figure, chart, etc.** of the document(s) whose sealing is at issue, describe generally why the risk of disclosing the material does not outweigh the public's common law right of access without disclosing the substance of the material whose sealing is at issue.

- In the **public attachment**, the party shall file a copy of the public chart filed in support of sealing, adding an additional column indicating whether the party agrees or disagrees that each citation listed in the chart refers to material that should be sealed.

- In the sealed brief, the party shall, for **each sentence**, **paragraph**, **page**, **figure, chart, etc.** of the document(s) whose sealing is at issue, provide a detailed argument with supporting legal authority as to why the risk of disclosing the material does not outweigh the public's common law right of access to the material.  This sealed brief must be as specific and detailed as possible.

*See* N.D. Tex. L. Civ. R. 79.3.

Within fourteen days of the filing of the response in opposition, if any, the party filing the briefs in support of sealing may file (1) a **public, unsealed reply brief** and (2) a **sealed reply brief**.

- In the **public reply brief**, the party shall respond generally to the broad arguments in the public response brief.

- In the **sealed reply brief**, the party shall specifically address the arguments in the public and sealed response briefs.

**SO ORDERED.**

Signed July 2nd, 2026.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

6